# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al., | Case No. 2:20-CV-425 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| OBTEEN N. NASSIRI, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Allstate Insurance Company, et al. v. Nassiri et al.*, case number 2:20-cv-00425-JCM-DJA. On March 6, 2020, plaintiffs Allstate Property & Casualty Insurance Company, Allstate Insurance Company, Allstate Indemnity Company, Allstate Fire & Casualty Insurance Company (collectively "Allstate") moved for a temporary restraining order ("TRO") (ECF No. 2), which the court granted (ECF No. 3).

Allstate filed a motion for preliminary injunction on March 10, 2020. (ECF No. 7). The next day, the court set a briefing schedule and set a preliminary injunction hearing for Wednesday, March 18, 2020. (ECF No. 8). Defendants were instructed to file a response to Allstate's motion by March 13, 2020. *Id.*

Defendant Med Ed Labs ("MEL") was served with a copy of the summons, complaint, and TRO on March 11, 2020, and filed a motion to extend time. (ECF No. 13 at 2). Defendant Nassiri waived service on March 13. *Id.* MEL represents that it has not been formally served with a copy of the preliminary injunction motion or this court's order, but that it had received copies thereof. *Id.*

Now, MEL requests that the court "keep the [TRO] in effect" and "extend the deadline for MEL to respond to [p]laintiffs' [m]otion for [p]reliminary [i]njunction . . . until a date after

**James C. Mahan**
**U.S. District Judge**

May 11, 2020." *Id.* at 3. MEL wants its response deadline regarding the TRO and injunction to coincide with its responsive pleading deadline: May 11, 2020. (ECF No. 13 at 2). But MEL's motion does not explicitly stipulate to granting the preliminary injunction.

Federal Rule of Civil Procedure 65(b)(2) provides that a temporary restraining order expires 14 days after entry "unless before that time the court, for good cause, extends it for a like period." Fed. R. Civ. P. 65. Here, the temporary restraining order is set to expire on March 23, 2020. In light of the briefing ordered by the court at the preliminary injunction hearing, good cause exists to extend the temporary restraining order for an additional 14 days, to April 6, 2020. By law, the court cannot continue the TRO any longer. On the other hand, if the parties stipulate to granting the preliminary injunction, the court would hold a hearing on whether to lift the injunction after May 11, as MEL requests.

Accordingly,

IT IS ORDERED ADJUDGED AND DECREED that plaintiff's motion to extend time (ECF No. 13) be, and the same hereby is, GRANTED in part.

IT IS FURTHER ORDERED that the temporary restraining order in this case be, and the same hereby is, EXTENDED until April 6, 2020.

IT IS FURTHER ORDERED that defendants shall file their responses to Allstate's motion for preliminary injunction before 5:00 p.m. March 23, 2020.

IT IS FURTHER ORDERED that Allstate shall file their reply, if any, to defendants' responses before 5:00 p.m. on March 27, 2020.

IT IS FURTHER ORDERED that the preliminary injunction hearing currently set for Wednesday, March 18, 2020, be, and the same hereby is, RESCHEDULED to April 1, 2020, at 10:30 a.m. in courtroom 6A.

DATED March 16, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -