UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al., | Case No. 2:20-CV-425 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| OBTEEN N. NASSIRI, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Allstate Insurance Company et al. v. Nassiri et al.*, case number 2:20-cv-00425-JCM-DJA.

On April 1, 2020, two days before this court's hearing on plaintiff Allstate Insurance Company's ("Allstate") motion for preliminary injunction, defendant Med Ed Labs ("MEL") filed a notice of demand for security for costs and stay of case. (ECF No. 31). Allstate moved to quash. (ECF No. 32). Magistrate Judge Albregts granted Allstate's motion and quashed MEL's notice. (ECF No. 33). MEL appealed, and that appeal remains pending. (ECF No. 34).

On April 23, 2020, Allstate moved to deposit funds as security for costs. (ECF No. 43). The court granted the motion, and Allstate deposited $2,000 with the court. (ECF Nos. 44; 45). The court denies MEL's appeal of Judge Albregts's order as moot in light of Allstate's $2,000 deposit of security. (ECF No. 34).

On May 11, 2020, defendant Obteen N. Nassiri appeared in this action (ECF No. 46). Now that Nassiri has appeared in this action, he is represented by the same counsel as MEL. *Id.* MEL has already made a demand for security (ECF No. 31), and Allstate has already deposited MEL's requested $2,000 (ECF No. 45). Despite the fact that Allstate has already deposited $2,000 with the court, defendants filed a notice of demand for security for Nassiri's costs the

**James C. Mahan**
**U.S. District Judge**

same day Nassiri appeared in this action.[1]  (ECF No. 47).  The court denies Nassiri's notice of demand for security for costs as moot in light of Allstate's prior $2,000 deposit.  (ECF No. 47).

Nevada Revised Statute § 18.130, which controls when plaintiff may be required to secure costs, provides that "[a] new or an additional undertaking may be ordered by the court or judge **upon proof that the original undertaking is insufficient security**, and proceedings in the action stayed until such new or additional undertaking be executed and filed."  Nev. Rev. Stat. § 18.130(2).  Neither defendant argues that the initial $2,000 bond was insufficient[2] or has somehow become insufficient now that Nassiri has appeared.  Thus, the court finds no reason why the $2,000 Allstate previously deposited with the court is insufficient to act as security for both defendants, particularly because they are jointly represented by counsel and will, consequently, be jointly filing and defending this action.

In light of the foregoing, the court denies Allstate's motion to quash Nassiri's notice of demand for security for costs as moot.  (ECF No. 48).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that MEL's appeal of Judge Albregts's order (ECF No. 34) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendants' notice (ECF No. 47) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that Allstate's motion to quash (ECF No. 48) be, and the same hereby is, DENIED as moot.

DATED May 15, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Notably, Nassiri waived service, appeared only on the day his answer was due, and, rather than file an answer, filed the instant notice.

[2] Nor can they, because Allstate deposited the entirety of MEL's requested $2,000.

**James C. Mahan**
**U.S. District Judge**

- 2 -