UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>OBTEEN N. NASSIRI, et al.,<br><br>Defendant(s). | Case No. 2:20-CV-425 JCM (DJA)<br><br>ORDER |

Presently before the court is defendant Obteen Nassiri's ("Nassiri") motion to reconsider. (ECF No. 50).  Plaintiffs Allstate Insurance Company, Allstate Property & Casualty Insurance Company and Allstate Indemnity Company responded.  (ECF No. 54).

Also before the court is defendants Nassiri and Med Ed Labs' ("MEL") motion to dismiss.  (ECF No. 51).  Plaintiffs responded, (ECF No. 57), to which defendants replied, (ECF No. 61).

**I.      Background**

This action arises from plaintiffs' attempt to collect on a judgment in prior matters. (ECF No. 1).

On March 20, 2008, plaintiffs previously prevailed against defendant Nassiri after jury trial in this court on claims the Racketeering Influenced and Corrupt Organizations Act, 18 USC § 1962, Nevada State RICO violations, Nev. Rev. Stat. § 207.400, fraud, conspiracy to defraud, unjust enrichment/constructive trust, and declaratory relief.  (*Id.*).  A judgment was entered in that action for the total amount of $7,116,603.25 on September 10, 2013.  (ECF No. 51) (hereinafter the "Fraud Judgment").  Plaintiffs also succeeded on a request for attorney fees and costs in the amount of $1,582,695.53, plus accruing interest—a relevant judgment was entered on April 11, 2014.  (*Id.*) (hereinafter the "Fees and Costs Judgment").

**James C. Mahan**
**U.S. District Judge**

On November 12, 2014, plaintiffs obtained a writ of execution against Nassiri based only on the fraud judgment. (*Id.*). This court also granted plaintiffs' amended motion for the third-party debtors' examinations. (*Id.*). Plaintiffs proceeded to conducting these examinations over several years, as well as an examination of defendant himself.

On January 25, 2019, plaintiffs obtained a second writ of execution against Nassiri, this time for both the fraud judgment and the fees and costs judgment. (*Id.*). Plaintiffs also filed a premature, and thus ineffective, affidavit of renewal of judgments on February 20, 2019. (*Id.*).

On July 28, 2015, plaintiffs filed a new action against Nassiri and others in this court for violations of the Nevada Uniform Fraudulent Transfers Act, Nev. Rev. Stat. §§ 112.140, et. seq. ("UFTA Action"). (ECF No. 57). The allegations in the UFTA Action arose from defendant Nassiri's use of Advanced Med LLC to conceal money from his creditors and Green Tree Services, LLC as the successor entity to the business interests of Advanced Med LLC. (*Id.*). In 2018, Nassiri ultimately entered into a settlement with plaintiffs to satisfy the outstanding judgments. However, the parties' dispute over the judgments was ultimately not resolved.

Plaintiffs initiated the instant action on February 28, 2020. (ECF No. 1). On March 13, 2020, defendant MEL was served via its resident agent, (ECF No. 9), and defendant Nassiri agreed to waive service. (ECF No. 10). Also, on March 13, 2020, MEL asked for additional time to respond to the complaint, even agreeing to extend the TRO against it. (ECF No. 13). On March 20, 2020, MEL filed a motion to dissolve TRO for lack of a bond. (ECF No. 16). This court denied MEL's request to dissolve TRO. (ECF No. 25).

On April 1, 2020, MEL demanded a costs bond from each plaintiff. (ECF No. 31). That demand was quashed by the court on April 2, 2020. Plaintiff ultimately agreed to simply deposit the bond on April 16th. (ECF No. 42). On May 11, 2020, Nassiri filed his own notice of demand for a costs bond. (ECF No. 47). This court quashed that demand as well on May 15, 2020. (ECF No. 49).

Defendants now move for reconsideration, (ECF No. 50), and to dismiss this action, (ECF No. 51).

## II.  Legal Standard

### A.  Motion for Reconsideration

Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.

James C. Mahan
U.S. District Judge

- 2 -

2003) (internal quotations omitted). Motions to reconsider are generally left to the discretion of the trial court. *See Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001). Any motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e).

Reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst,* 260 F.3d at 1044 (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999)). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in the earlier litigation." *Id.* (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000)).

B.  Motion to Dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint

**James C. Mahan**
**U.S. District Judge**

alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

This court denies defendants' instant motions. (ECF Nos. 50, 51).

*A. Motion for Reconsideration*

Defendant Nassiri moves for reconsideration of this court's decision on defendant's demand for security for costs and plaintiffs' motion to quash demand for costs bond. (ECF No. 50). This court declines this request.

Defendant Nassiri presents no new law or fact. Instead, he argues that this court overlooked or incorrectly applied the law. Defendant states that he were "not afforded an opportunity to respond as to why his Notice is valid and proper," but if given the opportunity, defendant admits that he would have responded in a manner "consistent with Defendant Med Ed Labs' Objection to Magistrate Judge's Order." (ECF No. 50). Indeed, this argument was already before this court, considered, and ruled upon. (ECF No. 49); *see also* LR 59-1(b) ("A movant [for reconsideration] must not repeat arguments already presented."). Upon review of defendant's argument as to his cost bond, this court finds no reason to depart from its prior ruling. (ECF Nos. 49, 50); *see also* Nev. Rev. Stat. § 18.130(2).

**James C. Mahan**
**U.S. District Judge**

- 4 -

Defendant Nassiri's motion for reconsideration is denied.  (ECF No. 50).

B.  Motion to Dismiss

Defendants argue that the "RICO judgment and the attorney fee judgment have expired and they have not been timely renewed."  (ECF No. 51).  Accordingly, plaintiffs' instant action should be dismissed, because plaintiffs cannot enforce the allegedly expired judgments as they seek here.

However, this reasoning does not apply to the "fees and costs judgment" entered on April 11, 2014.  (ECF No. 57).  As relevant here, a "statute of limitations has application to the time within which civil actions may be commenced after the cause of action shall have accrued." *Dredge Corp. v. Wells Cargo, Inc.*, 389 P.2d 394, 396 (Nev. 1964) (internal quotations omitted).  Nevada law provides that the statute of limitations to enforce a judgment or in other words to commence "an action upon a judgment or decree of any court of the United States, or of any state or territory within the United States, or the renewal thereof," is six years.  Nev. Rev. Stat. § 11.190; *see also Daniel v. Barengo*, 585 P.2d 1348, 1349 (Nev. 1978).  It is undisputed that the fees and costs judgment was entered on April 11, 2014; thus, this judgment did not expire until April 11, 2020, after the instant action was commenced on February 28, 2020.  (ECF No. 51).  Accordingly, the fees and costs judgment remains enforceable.

As to the "fraud judgment," this court is persuaded that the instant matter is a rare situation where equitable tolling should apply.  (ECF No. 57).  The time to enforce a judgment may be equitably tolled in cases where the debtor delays to avoid paying or where the creditor acts diligently to attempt to enforce the judgment.  *See Worsnop v. Karam*, 458 P.3d 353 (Nev. 2020) ("We recognize that limitation periods can be subject to equitable tolling."); *O'Lane v. Spinney*, 874 P.2d 754 (Nev. 1994) ("[I]f it could be demonstrated that [debtor's actions] were simply a subterfuge to avoid satisfying [creditor's] judgment, then the district court could properly conclude that the [creditor's] judgment was subject to preservation and continuing validity based upon the doctrine of equitable tolling.").  Equitable tolling is appropriate where "the danger of prejudice to the defendant is absent and the interests of justice so require." *Worsnop*, 458 P.3d at 353 (Table).

Plaintiffs have sufficiently demonstrated their diligent attempts to collect over the course of multiple lawsuits and recorded correspondence with defendants.  (ECF No. 57).  Plaintiffs

have also plausibly demonstrated that defendants have acted in dilatory ways. (*Id.*). Indeed, the equities strongly militate in plaintiff's favor—having been awarded large judgments at trial in a prior action and having attempted to collect on these judgments for nearly 7 years. (ECF Nos. 51, 57). The facts of the instant case demonstrate that dismissal at this juncture is likely to foster injustice. Thus, sufficient evidence exists here for this court to make a finding that equitable tolling is appropriate. This action may proceed.

Defendants' motion to dismiss is denied. (ECF No. 51).

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the defendant Obteen Nassiri's motion to reconsider (ECF No. 50) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants Nassiri and Med Ed Labs' motion to dismiss (ECF No. 51) be, and the same hereby is, DENIED.

DATED March 15, 2021.

_____
UNITED STATES DISTRICT JUDGE