UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al., | Case No. 2:20-CV-425 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| OBTEEN N. NASSIRI, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Allstate Insurance Company et al. v. Nassiri*, case number 2:20-cv-00425-JCM-DJA. Two matters remain outstanding before the court: (1) plaintiffs Allstate Insurance Company, Allstate Property & Casualty Company, Allstate Indemnity Company, and Allstate Fire and Casualty Insurance Company (collectively "plaintiffs")'s proposed pretrial order (ECF No. 125) and (2) defendant Obteen Nassiri and Med Ed Labs (collectively "defendants")'s motion for leave to file a proposed joint pretrial order, or, alternatively, to file their own proposed pretrial order (ECF No. 126).

On August 22, 2023, plaintiffs filed their proposed pretrial order ("PTO"). (ECF No. 125). However, plaintiffs filed their PTO without defendants' participation. This court's local rules require that "the attorneys or parties who will try the case and who are authorized to make binding stipulations must personally discuss settlement and prepare and file a proposed *joint* pretrial order . . . ." LR 16-3(b) (emphasis added). Thus, the court will not enter plaintiffs' PTO without defendants' participation.

**James C. Mahan**
**U.S. District Judge**

Plaintiffs do not specify why defendants did not participate in the PTO. Subsequently, defendants moved the court for leave to file a proposed pretrial order or, in the alternative, to file its own pretrial order. (ECF No. 126). Defendants' motion lists numerous "good faith" attempts to work with opposing counsel and states that they did not receive a copy of plaintiffs' PTO in time to review it properly. (*Id.* at 1-2). Additionally, defendants claim that their exhaustive exhibit list prevented them from joining in plaintiffs' PTO. (*Id.* at 2).

For the same reasons that the court will not enter plaintiffs' PTO, it will not permit defendants to file their own PTO without the signature of counsel for all parties. Both parties would violate the local rules by filing a proposed pretrial order that is not joint. Furthermore, defendants make the false assertion that they are entitled to relief, and their motion reads less as a request and more as a directive, thus sullying the court's discretion. The court will not grant defendants' motion to seek leave.

The parties have had plenty of opportunities to submit a proper document before this court, but they instead insist that the court solve their problems for them. The court refuses to engage in such a practice. The court also admonishes both parties for their failure to comply with the local rules and advises them that further violative actions may result in sanctions.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' proposed pretrial order (ECF No. 125) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion for leave to file a proposed joint pretrial order, or, alternatively, to file their own proposed pretrial order (ECF No. 126) be, and the same hereby is, DENIED.

**James C. Mahan**
**U.S. District Judge**

1  IT IS FURTHER ORDERED that the parties shall have fourteen (14) days to submit a joint pretrial order to the court or risk the imposition of sanctions.

DATED September 13, 2023.

                                                                          _____
                                                                          UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**