UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al., | Case No. 2:20-CV-425 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| OBTEEN N. NASSIRI, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Allstate Insurance Company v. Obteen N. Nassiri et al.*, case number 2:20-cv-00425-JCM-DJA. This case is scheduled for a five-day bench trial commencing March 25, 2024, preceded by calendar call on March 20, 2024.

This case arises out of the attempted collection of judgments from a 2013 jury trial in case number 2:08-cv-00369-JCM-GWF involving defendant Obteen N. Nassiri ("Nassiri") and plaintiff Allstate Insurance Company ("Allstate"). On January 24, 2019, Allstate filed a request for issuance of a writ of execution in that case for $9,029,557.85. Allstate alleges that to date, only $1,500.00 has been paid on this balance. (ECF No. 145 at 3).

Allstate now brings a declaratory judgment action against Nassiri and Med Ed Labs as Nassiri's alter ego, alleging two causes of action against both defendants: (1) declaratory judgment – reverse alter ego and (2) civil conspiracy.

On March 15, 2024, defendant Med Ed Labs filed a notice of bankruptcy. (ECF No. 152). The bankruptcy proceeding is being adjudicated in the United States Bankruptcy Court for the District of Nevada, case number BK-S-24-1121-hlb. (*Id.* at 3). Pursuant to 11 U.S.C. § 362,

**James C. Mahan**
**U.S. District Judge**

the filing of a bankruptcy court action imposes an immediate and automatic stay on any proceeding against Med Ed Labs.

The court is aware that Allstate may still proceed in this action against Nassiri, as Nassiri is not shielded by the bankruptcy filing. However, given that the central issue of this case is the relationship between Nassiri and Med Ed Labs, the court does not find it efficient to hold the trial as to Nassiri only, especially when it does not have sufficient time to determine the effects the bankruptcy filing will have on the instant litigation.

District courts have broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 683 (1997). A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of the independent proceedings which bear upon the case. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

The court finds it necessary to stay this case pending the bankruptcy proceeding regarding Med Ed Labs. The court is aware that Allstate has spent much time and incurred numerous resources preparing for trial and has consistently adhered to all deadlines. If Allstate wishes to proceed with the trial as to Nassiri only, it may move the court to do so, provided Allstate has a compelling reason to try this case while Med Ed Labs is in bankruptcy.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the matter of *Allstate Insurance Company v. Obteen N. Nassiri et al.*, case number 2:20-cv-00425-JCM-DJA, is STAYED PENDING BANKRUPTCY PROCEEDINGS in case number BK-S-24-1121-hlb.

IT IS FURTHER ORDERED that the trial date of March 25, 2024, is VACATED.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Allstate may move the court to lift the stay of this case within thirty (30) days of this order.

DATED March 18, 2024.

_____
UNITED STATES DISTRICT JUDGE