R. DUANE FRIZELL, ESQ.
Nevada Bar No. 9807
**FRIZELL LAW FIRM, PLLC**
400 N. Stephanie St., Suite 265
Henderson, Nevada 89014
Office (702) 657-6000
Fax (702) 657-0065
DFrizell@FrizellLaw.com

*Attorney for Defendant*
*Obteen N. Nassiri*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>OBTEEN N. NASSIRI, an individual; and MED ED LABS, a Nevada nonprofit corporation,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § §<br><br>CASE NO: 2:20-cv-00425-JCM-DJA |

**DEFENDANT OBTEEN N. NASSIRI'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY OF CASE AS IT PERTAINS TO PLAINTIFFS' CLAIMS AGAINST DEFENDANT OBTEEN NASSIRI [ECF 154]**

Defendant OBTEEN N. NASSIRI ("Defendant" or "Nassiri") now files this, *Defendant Obteen N. Nassiri's Response In Opposition To Plaintiffs' Motion To Lift Stay Of Case As It Pertains To Plaintiffs' Claims Against Defendant Obteen Nassiri [ECF 154]* (the "Opposition"). This Opposition is based upon the Memorandum of Points and Authorities below, the pleadings and other papers on file in this action, and the arguments of counsel made at a hearing on Plaintiffs' Motion, if any. In connection with this Opposition, Defendant would respectfully show the Court that ***Allstate's Motion violates the immediate and automatic bankruptcy stay of these proceedings under 11 U.S.C. § 362***. Defendant would further show the Court as follows:

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

This Opposition is made to *Plaintiffs' Motion To Lift Stay Of Case As It Pertains To Plaintiffs' Claims Against Defendant Obteen Nassiri* (filed Mar. 26, 2024) [ECF 154] (the "Motion" or "Mot."). Plaintiffs (collectively "Allstate") filed their Motion subsequent to the Court's *Order* (filed Mar. 18, 2024) [ECF 153] (the "Stay Order" or "Stay Ord."), which, in turn, was entered after Zachariah Larson, Esq., bankruptcy counsel for Defendant MED ED LABS ("MEL"), filed MEL's *Notice Of Bankruptcy* (filed Mar. 15, 2024) [ECF 154] (the "Bankruptcy Notice" or "BK Not."). In its Stay Order, the Court noted: "The bankruptcy proceeding is being adjudicated in the United States Bankruptcy Court for the District of Nevada, case number BK-S-24-1121-hlb." (Stay Ord. at p.1).

The Court further observed: "Pursuant to 11 U.S.C. § 362, the filing of a bankruptcy court action imposes an immediate and automatic stay on any proceeding against Med Ed Labs." (*Id*. at pp.1-2). Nevertheless, in their own words, Plaintiffs have made it unequivocally clear that, with their Motion, they are seeking to go to trial "Because Allstate is Attempting to Show that Nassiri and Med Ed Labs are Alter Egos of Each Other." (Mot. at p.6 (capitalization in original)).

This, they cannot do. On April 8, 2024, Jacob L. Houmand, Esq. ("Houmand"), proposed counsel for Shelley D. Krohn, the court-appointed Chapter 7 Trustee (the "Trustee") in MEL's bankruptcy case, sent a letter to Allstate's counsel, in which he stated that Allstate's Motion "*constitutes a violation of the automatic stay and may subject Allstate to sanctions*." (**Exhibit A**—Trustee Ltr. at p.2 (emphasis added)).[1] Houmand further "*demand[ed] that [Allstate] withdraw [its] request before the district court to lift its stay*." (*Id*. at p.3 (emphases added)).

///

---

[1] Unless otherwise indicated, all of the exhibits and other attachments to this Opposition are fully incorporated herein by reference.

2

In its Stay Order, the Court explains that in the present action, "Allstate brings a declaratory judgment action against Nassiri and Med Ed Labs as Nassiri's alter ego, alleging two causes of action against both defendants: (1) declaratory judgment—reverse alter ego and (2) civil conspiracy." (Stay Ord. at p.1). With respect to the first cause of action (alter ego), because Allstate's claim is now property of MEL's bankruptcy estate, Allstate lacks a basis and standing for proceeding with that claim against Nassiri. Relative to its second cause of action (civil conspiracy), inasmuch as the alleged alter ego relationship is the underlying civil wrong Allstate's conspiracy claim is rooted in, and because that underlying claim is now property of MEL's bankruptcy estate, Allstate lacks a basis and standing for proceeding with that claim against Nassiri as well. Given these circumstances, and because Allstate's Motion violates the immediate and automatic bankruptcy stay of these proceedings under 11 U.S.C. § 362, no further action should proceed in this case on either of Allstate's claims.

I.  **(FIRST CAUSE OF ACTION) ALTER EGO—Because Allstate's Claim For Alter Ego Is Now Property Of MEL's Bankruptcy Estate, Allstate Lacks A Basis And Standing For Proceeding With That Claim Against Nassiri.**

"Under Nevada corporate law," the alter ego doctrine does not apply, and therefore "individual liability does not extend to officers, directors, or stockholders of a corporation '[e]xcept as otherwise provided by *specific statute*.'" *Boucher v. Shaw*, 124 Nev. 1164, 1170, 196 P.3d 959, 963 (2008) (emphasis added). That specific statute provides as follows:

> A person acts as the alter ego of a corporation *only if*:
>
> (a)  The corporation is influenced and governed by the person;
>
> (b)  There is such unity of interest and ownership that the corporation and the person are inseparable from each other; and
>
> (c)  Adherence to the notion of the corporation being an entity separate from the person would sanction fraud or promote a manifest injustice.

NRS 78.747(2) (emphasis supplied).

///

3

Allstate has not pleaded alter ego or piercing of the corporate veil *per se*. Rather, as the Court noted in its Stay Order, Allstate has stated a "cause of action" for "reverse alter ego." (Stay Ord. at p.1). "Conceptually," the Nevada Supreme Court has "conclude[d] that reverse piercing is not inconsistent with traditional piercing in its goal of preventing abuse of the corporate form. Indeed, 'it is particularly appropriate to apply the alter ego doctrine in 'reverse' when the controlling party uses the controlled entity to hide assets or secretly to conduct business to avoid the pre-existing liability of the controlling party.'" *LFC Mktg. Group, Inc. v. Loomis*, 116 Nev. 896, 903, 8 P.3d 841, 846 (2000). The Nevada Supreme Court has "recognize[d], however, … that there are other equities to be considered in the reverse piercing situation—namely, whether the rights of innocent shareholders or creditors are harmed by the pierce." *Id*. at 905, 8 P.3d at 847. In the bankruptcy context, there is another consideration: <u>all</u> the creditors. (*See* Trustee Ltr. at *passim*).

Here, Allstate's alter ego claim has become property of MEL's bankruptcy estate. As the Trustee's attorney explained: "Where state law permits an alter ego claim to be asserted by a corporation in its own name, such a right of action is property of the estate, assertable only by the bankruptcy trustee or the debtor-in-possession, and a claim by a creditor against the debtor's affiliate based solely on an alter ego theory is therefore barred for lack of standing and under the automatic stay." (Trustee Ltr. at p.2 (citing *Kalb, Voorhis & Co. v. Am. Fin. Corp.*, 8 F.3d 130, 132 (2d Cir.1993))).

Thus, Allstate may not proceed with its alter ego claim. The Court should not lift its own stay to let Allstate proceed with that claim.

///

///

///

II. **(SECOND CAUSE OF ACTION) CIVIL CONSPIRACY**—Inasmuch As The Alleged Alter Ego Relationship Is The Underlying Civil Wrong Allstate's Conspiracy Claim Is Rooted In, And Because That Underlying Claim Is Now Property Of MEL's Bankruptcy Estate, Allstate Lacks A Basis And Standing For Proceeding With A Claim For Civil Conspiracy Against Nassiri As Well.

"An actionable civil conspiracy 'consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts.'" *Consol. Generator-Nevada v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998). "To prevail in a civil conspiracy action, a plaintiff must prove an agreement between the tortfeasors, whether explicit or tacit." *GES, Inc. v. Corbitt*, 117 Nev. 265, 271, 21 P.3d 11, 15 (2001).

The Nevada Supreme Court has concluded that civil conspiracy is not a standalone claim. *See Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety*, 121 Nev. 44, 110 P.3d 30, 51 (Nev. 2005) (stating that "an underlying cause of action for fraud is a necessary predicate to a cause of action for conspiracy to defraud"), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228 n.6, 181 P.3d 670, 672 n.6 (Nev. 2008). The Ninth Circuit has come to the same conclusion: "[T]here is no separate and distinct tort cause of action for civil conspiracy …." *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1228 (9th Cir. 1997); *accord Ajetunmobi v. Clarion Mortg. Capital, Inc.*, 595 Fed. Appx. 680, 683 (9th Cir. 2014) (unpublished opinion) ("<u>Conspiracy is not a cause of action</u>, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." (emphasis added)).

Judge Philip M. Pro of this Honorable Court has likewise concluded: "[A] civil conspiracy is not a stand-alone claim; it requires an underlying civil wrong." *Shlesinger v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 102030, *23-24 (D. Nev. 2012) (unpublished disposition). Other district courts in the Ninth Circuit have held similarly. *See, e.g.*, *Jass v. Cherryroad Techs., Inc.*, 449 F. Supp. 3d 923, 943 (D. Haw. 2020) ("'Civil conspiracy does not alone constitute a claim for relief.'

5

'A plaintiff must allege an actionable underlying claim upon which to base a claim of conspiracy.' Moreover, since 1970, it has been "widely accepted that a plaintiff could bring suit for civil conspiracy only if he had been injured by an act that was itself tortious.'" (citations omitted)).

Previously, in denying Allstate's motion for summary judgment in the present action, this Court ruled "that alter ego relationship is the underlying civil wrong [Allstate's] conspiracy claim is rooted in." *Order* pt.III(B) (filed Mar. 22, 2023) [ECF 123] (the "MSJ Order" or "MSJ Ord."). Inasmuch as Allstate's alter ego claim is now property of the MEL bankruptcy estate and subject to the control of the Trustee, Allstate lacks a basis and standing for proceeding with a claim for civil conspiracy against Nassiri as well.

### III. CONCLUSION AND REQUEST FOR RELIEF.

This Court should not lift its stay as to either of Allstate's two claims. With respect to its first cause of action (alter ego), because Allstate's claim is now property of MEL's bankruptcy estate, Allstate lacks a basis and standing for proceeding with that claim against Nassiri. Relative to its second cause of action (civil conspiracy), inasmuch as the alleged alter ego relationship is the underlying civil wrong Allstate's conspiracy claim is rooted in, and because that underlying claim is now property of MEL's bankruptcy estate, Allstate lacks a basis and standing for proceeding with that claim against Nassiri as well. Given these circumstances, Allstate's Motion violates the immediate and automatic bankruptcy stay of these proceedings under 11 U.S.C. § 362, and no further action should proceed in this case on either of Allstate's claims.

WHEREFORE, Defendant OBTEEN N. NASSIRI ("Defendant" or "Nassiri") hereby requests the Court as follows:

A.   to deny in its entirety *Plaintiffs' Motion To Lift Stay Of Case As It Pertains To Plaintiffs' Claims Against Defendant Obteen Nassiri* (filed Mar. 26, 2024) [ECF 154];

B.   to keep fully intact the stay imposed by this Court in its *Order* (filed Mar. 18, 2024) [ECF 153];

C.   to continue to stay any and all proceedings in this action, including without limitation any trial against any Defendant on any of Plaintiffs' claims; and

D.   to grant Defendant all such other and further relief to which he may justly deserve or be entitled at law or in equity.

DATED: *April 9, 2024*.

*Respectfully submitted*,

**FRIZELL LAW FIRM, PLLC**
400 N. Stephanie St., Suite 265
Henderson, Nevada 89014
Office (702) 657-6000
Fax (702) 657-0065

By:   */s/ R. Duane Frizell*
**R. DUANE FRIZELL, ESQ.**
Nevada Bar No. 9807
DFrizell@FrizellLaw.com

*Attorney for Defendant*
*Obteen N. Nassiri*

7

# CERTIFICATE OF SERVICE

I hereby certify that on *April 9, 2024*, I served the foregoing **DEFENDANT OBTEEN N. NASSIRI'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY OF CASE AS IT PERTAINS TO PLAINTIFFS' CLAIMS AGAINST DEFENDANT OBTEEN NASSIRI [ECF 154]**, together with any all of its exhibits and other attachments, on interested party(ies) in this action as follows:

Jonathan W. Carlson, Esq.
Renee M. Maxfield, Esq.
MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
8337 W. Sunset Rd., Suite 350
Las Vegas, Nevada 89113
Jonathan.Carlson@mccormickbarstow.com
Renee.Maxfield@mccormickbarstow.com
Phone (702) 949-1100
Fax (702) 949-1101
*Attorneys for Plaintiffs*

**BY ELECTRONIC SERVICE:** I served a true copy, together with any and all exhibits, electronically on designated recipients via electronic transmission of said document(s) as provided under the Federal Rules of Civil Procedure.

/s/ R. Duane Frizell
**R. DUANE FRIZELL, ESQ.**
Nevada Bar No. 9807

*Attorney for Defendant*
*Obteen N. Nassiri*

**EXHIBITS**

*Exhibit A*   Letter to Renee M. Maxfield, Esq. (Plaintiffs' attorney) from Jacob L. Houmand, Esq. (counsel for Bankruptcy Trustee Shelley D. Krohn) (dated Apr. 8, 2024)
[the "Trustee Letter" or "Trustee Ltr."]